UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEVIN R. TUMEY, SR.              )<br>                                                 )<br>                   Plaintiff,         )<br>      vs.                                    )     No. 4:08-cv-201-SEB-WGH<br>                                                 )<br>CLARK MEMORIAL HOSPITAL,  )<br>                                                 )<br>                   Defendant.      ) | |

**Entry Discussing Motion for Summary Judgment
and Directing Entry of Final Judgment**

Kevin Tumey's ("Tumey") employment with Clark Memorial Hospital ("the Hospital") was terminated on February 28, 2008, based on what the Hospital asserts was an inappropriate incident between Tumey and a patient that had taken place a day earlier. Contending that this is actionable under both federal and Indiana state law, Tumey brought the present lawsuit. Specifically, Tumey contends that: 1) he was discharged because of his race; and 2) his discharge was wrongful under Indiana state law. The Hospital seeks resolution of these claims through the entry of summary judgment.

For the reasons explained in this Entry, the Hospital's motion for summary judgment (dkt 9) is **granted**.

**I. Summary Judgment Standard**

The question presented by the motion for summary judgment is whether, based on the evidence of record, there is any material dispute of fact that requires a trial. *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003).  The motion for summary judgment, as with any such motion, must be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

"'[A] party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v.*

*Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

Tumey has not opposed the Hospital's motion for summary judgment. He has therefore conceded the Hospital's version of the facts for the purpose of the court resolving such motion. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997); *Johnson v. Gudmundsson,* 35 F.3d 1104, 1108 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Discussion

### A. Claim of Race Discrimination

Title VII of the Civil Rights Act of 1964, as amended, prohibits "employers" from discriminating against individuals on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Tumey alleges that the Hospital terminated his employment based on his race, in violation of Title VII. The court has jurisdiction over this claim based on 28 U.S.C. § 1331.

"It is well-established that a plaintiff in a Title VII case may proceed under a direct or indirect method of proof." *Butts v. Aurora Health Care*, 387 F.3d 921, 924 (7th Cir. 2004) (citing *Mateu-Anderegg v. School Dist.,* 304 F.3d 618, 623 (7th Cir. 2002)). Because Tumey has come forward with no direct evidence of discrimination, the Hospital's motion for summary judgment is assessed under the burden-shifting methodology established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)*.*

In *McDonnell Douglas,* the Supreme Court "established an allocation of the burden of production and an order for the presentation of proof in Title VII discriminatory treatment cases." *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506 (1993). The test consists of three steps. First, the plaintiff must establish a *prima facie* case of discrimination. Second, once the *prima facie* case is established, the defendant must state a legitimate, non-discriminatory reason for the adverse employment action. Finally, if a legitimate, non-discriminatory reason is offered, the plaintiff must come forward with evidence to show that the stated reason is not the true one, but only a pretext for discrimination. *See McDonnell Douglas,* 411 U.S. at 802-04; *DeLoach v. Infinity Broadcasting,* 164 F.3d 398, 401 (7th Cir. 1999).

"Under the *McDonnell Douglas* scheme, the plaintiff bears the initial burden of establishing a *prima facie* case." *Ballance v. City of Springfield,* 424 F.3d 614, 617 (7th Cir. 2005) (citing cases). For Tumey to successfully set forth a *prima facie* case of discriminatory termination, he must show: "first that he is a member of a protected class; second that he

was meeting his employer's legitimate performance expectations; third, that he suffered an adverse employment action; and fourth, that he was treated less favorably than similarly situated individuals who are not members of his protected class." *Id.*

If the plaintiff successfully establishes a prima facie case, the burden of production shifts to the employer "to provide a legitimate, non-discriminatory reason" for the plaintiff's treatment. *Id*. Finally, the plaintiff must rebut the employer's stated reason by demonstrating that it is no more than a pretext for discrimination. *Id.* At all times, the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the plaintiff remains with the plaintiff. *Id.*

Tumey satisfies two prongs of the *prima facie* case. First, Tumey's claim satisfies the first prong because, as an African-American, he is a member of a protected class. Next, Tumey satisfies the third prong because the parties agree that he was terminated from his position with the Hospital.

Tumey has failed, however, to meet the second requirement of the *McDonnell-Douglas* test, that being that he was meeting his employer's legitimate performance expectations. The Hospital has its legitimate expectations explained in its employee handbook, which provides examples of conduct that could warrant disciplinary action or termination. These examples include:

> . . . disorderly conduct . . . threatening, intimidating, coercing, using abusive or vulgar language or interfering with the performance of other team members . . . [and] any type of harassment or threatening behavior targeted towards patients, fellow team members or guests.

During the incident on February 27, 2008, Tumey failed to meet these expectations. On that day, while Hospital employees Kara Wernert and Kim White were assisting a patient, Tumey opened the curtain and asked if there was any problem. They told Tumey that there was no problem and asked him to leave. Tumey began to argue with the patient and refused to leave. White left to call security and when she returned, Tumey had not left and was still arguing with the patient.

Because Tumey has failed to respond the Hospital's motion for summary judgment, the court accepts these facts as true and finds that Tumey has not shown that he was meeting the Hospital's legitimate expectations. He has therefore failed to make a *prima facie* case of employment discrimination and this is fatal to his Title VII claim. "Without a *prima facie* case, the plaintiff cannot withstand summary judgment." *Hong v. Children's Memorial Hosp.,* 993 F.2d 1257, 1261 (7th Cir. 1993) (citing *Gilty v. Village of Oak Park,* 919 F.2d 1247, 1250 (7th Cir. 1990)).

Even if the court concluded otherwise with respect to the existence of a *prima facie* case here, the Hospital has shown that the decision to terminate Tumey's employment was based on a legitimate, nondiscriminatory reason. This reason was the altercation that occurred on February 27, 2008. Tumey has failed to show that this reason was either incorrect or used as a pretext for the Hospital's decision.

The Hospital's motion for summary judgment is therefore granted as to Tumey's Title VII claims.

### B. Claim of Wrongful Discharge

Tumey alleges that he "was discharged for an incident that occurred on February 27, 2008 which [he] was accused of responding inappropriately to a white patient who was being loud and disruptive." *Complaint,* Claim I. According to Tumey, "[t]he hospital investigation should have revealed that [he] did not say or do anything inappropriate and [his] only intent was to assist the hospital staff who were working with a very difficult patient." *Id.*

The claim of wrongful discharge is asserted under Indiana law. The court has jurisdiction over this state law claim through 28 U.S.C. § 1367(a). However, when a district court dismisses the claims over which it had original jurisdiction, it has discretion either to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. § 1367(c)(3). "[W]hen deciding to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988).

This is an appropriate case in which to retain and exercise jurisdiction over Tumey's supplemental state law claim. *Miller Aviation v. Milwaukee County Bd. of Supervisors,* 273 F.3d 722, 731 (7th Cir. 2001) ("[W]hen the district court, in deciding a federal claim, decides an issue dispositive of a pendant claim there is no use leaving the latter to the state court.") (quotation omitted).

Tumey's state law claim can be dispatched quickly. "Indiana follows the doctrine of employment at will." *Tony v. Elkhart County*, 851 N.E.2d 1032, 1035 (Ind.Ct.App. 2006). "If there is no definite or ascertainable term of employment, then the employment is at will, and is presumptively terminable at any time, with or without cause, by either party." *Id.* "[B]oth the employer and the employee [may] terminate the employment at any time for a 'good reason, bad reason, or no reason at all.'" *Meyers v. Meyers*, 861 N.E.2d 704, 706 (Ind. 2007) (quoting *Montgomery v. Bd. of Trustees of Purdue Univ.*, 849 N.E.2d 1120, 1128 (Ind. 2006)). Tumey was an employee-at-will and the Hospital could therefore terminate his employment for a good reason, bad reason, or no reason at all. It did so. It did not do so for an illegal reason. The Hospital is therefore entitled to summary judgment on this claim.

### III. Conclusion

The Hospital has shown through its motion for summary judgment that there is no genuine dispute as to any material fact that it is entitled to the entry of summary judgment. Tumey failed to respond to the Hospital's motion and therefore has not met his burden as the non-movant relative to such motion. *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996)(if the non-moving party fails to establish the existence of an element essential of his case, one on which he would bear the burden of proof at trial, summary judgment is properly granted to the moving party).

Case 4:08-cv-00201-SEB-WGH   Document 24   Filed 07/09/09   Page 5 of 5 PageID #: 137

The Hospital's motion for summary judgment (dkt 9) is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/09/2009

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana